IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID CARPENTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 6:05cv124 |
| | § | |
| TYLER INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**ORDER ON PLAINTIFF'S MOTION TO ENTER JUDGMENT
AND MOTION FOR JUDGMENT AS A MATTER OF LAW**

Before the Court is *Plaintiff's Motion to Enter Judgment and Motion for Judgment as a Matter of Law* (Docket No. 28).  After careful consideration, the Court finds that the following order should issue.

**Background**

Plaintiff David Carpenter ("Carpenter") was a teacher at A.T. Stewart Middle School for Defendant Tyler Independent School District ("TISD").  On several occasions during the 2003-2004 school year, Carpenter was called for active duty in the military, specifically the Air Force Reserves, requiring his absence from the classroom.  At the conclusion of said school year, TISD did not offer Carpenter a new contract.

Carpenter insisted that his involvement in the uniformed services was a substantial or

-1-

motivating factor in TISD's decision not to renew his teaching contract.  Accordingly, Carpenter brought an action against TISD under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), alleging discrimination based on his military service.  TISD alleged, however, that it was Carpenter's poor performance in the classroom, not his military service, that led to his termination.

Trial on the matter was held March 26-27, 2006 before the Honorable United States Magistrate Judge John D. Love.  At the conclusion of the evidence, the jury was required to make the determination of whether TISD discriminated against Carpenter, and if so, what amount of back pay to award Carpenter to compensate him for his losses.  On Tuesday, March 27, 2006, the jury members returned the following unanimous verdict:

**QUESTION NO. 1**

Do you find from a preponderance of the evidence that TYLER INDEPENDENT SCHOOL DISTRICT discriminated against DAVID CARPENTER because of his military service?

**ANSWER** "Yes" or "No":      YES

**QUESTION NO. 2**

Do you find from a preponderance of the evidence that TYLER INDEPENDENT SCHOOL DISTRICT's conduct in discriminating against DAVID CARPENTER because of his military service was willful?

**ANSWER** "Yes" or "No":      NO

**QUESTION NO. 3**

What sum of money, if any, if paid now in cash, do you find from a preponderance of the  evidence would fairly and reasonably compensate DAVID CARPENTER for the damages that he suffered, if any, as a result of the conduct of TYLER INDEPENDENT SCHOOL DISTRICT?

**Answer in dollars and cents, or state "none":** $\underline{\$\quad NONE\quad}$

**Applicable Law**

In considering Carpenter's motion, the Court must consider all the evidence in the light and with all reasonable inferences most favorable to the party opposed to the motion. *Baltezore v. Concordia Parish Sheriff's Dep't,* 767 F.2d 202 (5th Cir. 1985).  If there is substantial evidence opposed to the motion of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion will be denied.  *Boeing v. Shipman Co.,* 411 F.2d 365, 374 (5th Cir. 1969).

A jury is awarded great discretion in awarding damages within the range shown by the evidence.  *Neiman-Marcus Group v. Dworkin,* 919 F.2d 368 (5th Cir. 1990).  A jury's conclusion on damages should not be disturbed unless it is "entirely disproportionate to the injury sustained."  *Caldarera v. Eastern Airlines, Inc.,* 705 F.2d 778, 784 (5th Cir. 1983).  Because fixing the amount of damages requires sifting and weighing of the evidence, the jury's conclusion demands deference, unless it is "shocking [to] the judicial conscience" or "exceeds that amount that any reasonable man could feel the claimant is entitled to." *Bridges*

*v. Groendyke Transport, Inc.,* 553 F.2d 877, 880 (5th Cir. 1977); *Complete Auto Transit, Inc.*
*v. Floyd,* 249 F.2d 396, 399 (5th Cir. 1957).

In any action brought against a state or private employer under the USERRA, the court
may require the employer to comply with the provisions of the USERRA.  38 U.S.C. §
4323(d)(1)(A).  Also, the court may require the employer to compensate the person for any
loss of wages or benefits suffered by reason of such employer's failure to comply with the
provisions of the USERRA.  38 U.S.C. § 4323(d)(1)(B).  In addition to the remedies
provided in § 4323(d), the Court may use its full equity powers, including injunctive relief
to vindicate fully the rights or benefits provided under the Act.  38 U.S.C. § 4323(e).

## Analysis

Carpenter urges the Court to disregard the jury's verdict with respect to Plaintiff's
damages and enter judgment for Carpenter's lost back pay in the amount of $76,948.48,
arguing that the evidence is legally insufficient to support the jury's finding.  In the Court's
charge to the jury, the jury was instructed that "[i]f you find by a preponderance of the
evidence that the Plaintiff unreasonably failed to take advantage of an opportunity to lessen
his damages, you should deny him recovery for those damages . . ." TISD contends that the
jury's verdict infers that the jury found that Carpenter failed to mitigate his damages.

At trial, evidence was introduced demonstrating that Carpenter made little effort to
secure other employment.  Carpenter claims that he actively sought alternate employment by
submitting resumes and filing job applications, as well as speaking with certain school

-4-

officials regarding possible employment. Absent from the record, however, is any documentation, whether it be in the form of letters, copies of job applications or otherwise, substantiating Carpenter's assertions that he sought to obtain another teaching position. *See Giles v. General Elec. Co.*, 245 F.3d 474 (5th Cir. 2001) (affirming the district court's denial of back pay for failure to adequately document asserted job search). Additionally, Carpenter was unable to identify or recall at least some of the schools where he claims he submitted job applications.

In light of the heavy burden a party must overcome to overturn a jury's finding, and although a close call, the Court finds that the record contains evidence sufficient to conclude that Carpenter failed to mitigate his damages. Accordingly, the Court will not disturb the jury's finding of no damages with respect to back pay.

Reinstatement

Carpenter contends that the jury's finding of discrimination in Question No. 1 on the verdict form made him the prevailing party and entitles him to invoke the Court's equity powers to make him whole. TISD counters that the jury's finding of no damages renders it the prevailing party. The Court agrees with Carpenter.

Even if an employee cannot establish that he or she suffered any monetary damages, that does not mean that there is no relief to which the employee might be entitled if there was a violation of the USERRA. *Hill v. Michelin North America, Inc.,* 252 F.3d 307, 316 (4th Cir. 2001). USERRA authorizes the district court to "require the employer to comply with

the provisions of this chapter," 38 U.S.C.A. § 4323(d)(1)(A), and to "use its full equity powers . . . to vindicate fully the rights or benefits of persons under this chapter," 38 U.S.C.A. § 4323(e).  Therefore, when the jurors found that TISD discriminated against Carpenter because of his military service, Carpenter became the prevailing party.  Back pay was but one measure of relief available to Carpenter, and the jury's finding that he was not entitled to such in no way affects this Court's ability to craft a remedy making Carpenter whole.

To that end, Carpenter has requested that the Court reinstate him to a teaching position within the TISD system.  The Court finds that under the present circumstances, reinstatement is not an appropriate remedy.  The evidence at trial demonstrated two things.  First, Carpenter and TISD have, at best, a strained relationship. Second, TISD believes Carpenter to be a below average and ineffective teacher.  These facts, when considered singularly or in combination, provide ample justification for the denial of reinstatement.  Were this Court to order reinstatement, it would create an atmosphere inconsistent with the main objective of any school district – to effectively and efficiently educate children.  Accordingly, on these facts, the Court finds reinstatement inappropriate.

<u>Front Pay</u>

Although front pay results in a monetary award, it is a form of equitable rather than legal relief and should be determined by the court rather than the jury.  *Loeb v. Textron, Inc.,* 600 F.2d 100, 1022 n.33 (1st Cir. 1979); *Taylor v. Home Ins. Co.,* 777 F.2d 849, 859-60 (4th

Cir. 1985).  A court will consider an award of front pay or other monetary damages only if it concludes that reinstatement is inappropriate. *Julian v. City of Houston*, 314 F. 3d 721, 728 (5th Cir. 2002); *Maxfield v. Sinclair Int'l,* 766 F.2d 788, 796 (3d Cir. 1985); *O'Donell v. Georgia Osteopathic Hosp., Inc.,* 748 F,2d 1543, 1551-52 (11th Cir. 1984).  A District Court must consider employment discrimination plaintiff's failure to mitigate damages in determining the extent to which, if at all, a front pay award is appropriate. *Hansard v. Pepsi-Cola Metro. Bottling Co.,* 865 F.2d 1461, 1470 (5th Cir. 1989).  Further, because USERRA was enacted to protect the rights of veterans and members of the uniformed services, it must be broadly construed in favor its military beneficiaries. *Coffy v. Republic Steel Corp.,* 447 U.S. 191, 196 (1980).

It is with these principles in mind that the Court finds an award of one years front pay an appropriate remedy to restore Carpenter to his rightful position.[1]  Carpenter overcame a heavy burden by demonstrating that TISD discriminated against him because of his military service.  The Court cannot ignore the jury's finding of such.  Although it may seem anomalous that the Court can view the same evidence and reach opposing conclusions – that front pay is appropriate while back pay is not – the Court's discretion allows for such conclusions in the interest of equity. *See Giles v. General Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001).

Because the Court does not desire to disturb the jury's finding with respect to back

---

[1]Plaintiff's Exhibit No. 34 reflects that Mr. Carpenter's monthly salary was $4,049.04.

pay damages, and because the Court finds that reinstatement is not appropriate in light of existing acrimony between the parties, the Court finds an award of one years front pay necessary and appropriate to make Carpenter whole.

It is therefore

ORDERED that *Plaintiff's Motion to Enter Judgment and Motion for Judgment as a Matter of Law* (Docket No. 28) is hereby GRANTED as to an award of front pay.

It is further

ORDERED that Defendant, Tyler Independent School District, shall pay Plaintiff, David Carpenter, the sum of $48,599.04 as an award of front pay,  representing one years salary.

So ORDERED and SIGNED this 26th day of April, 2006.

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE